IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEONIDES QUINONES, JR., )<br>    ID # 1892457, )<br>        Petitioner, )<br>vs. )<br> )<br>LORIE DAVIS, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>        Respondent. ) | No. 3:19-CV-01697-M-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant findings and applicable law, this habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies, and all non-habeas claims should be **DISMISSED** without prejudice.

### I. BACKGROUND

Leonides Quinones, Jr. (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The respondent is Lorie Davis, the Director of TDCJ-CID.

Petitioner challenges his 2013 conviction for murder and 45-year sentence in Cause Number F-1252873-N in the 195th Judicial District in Dallas, Texas. (*See* doc. 2 at 2.) He did not file a direct appeal, a petition for discretionary review (PDR), or a state application for writ of habeas corpus. (*See id.* at 3.)

In his federal petition, received on July 16, 2019 Petitioner asserts four grounds:

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

  (1) his attorney was ineffective for refusing to send him a copy of legal instruments concerning his case;

  (2) the District Clerk keeps denying his request for transcripts from his case;

  (3) the District Attorney has refused to provide legal transcripts; and

  (4) the trial judge denied him legal instruments.

(*See* doc. 2 at 6-7.) He seeks a "time cut" as a result.

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir.1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a PDR or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir.1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters*, 985 F.2d at 795.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir.1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard

2

in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented his ineffective assistance of counsel claim, or any of his other claims, to the Court of Criminal Appeals. He acknowledges that he did not file a direct appeal, a PDR, or an application for habeas corpus relief in state court. (*See* doc. 2 at 3-4.) The Court of Criminal Appeals has therefore not had the opportunity to review this claim raised in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is not entitled to habeas corpus relief on any habeas claim based on his failure to exhaust his state remedies.

### III. CIVIL CLAIMS

Petitioner's claims that his attorney, the District Clerk, the District Attorney and the trial judge all repeatedly refused to provide him legal transcripts or instruments do not specifically challenge his custody.

Claims that do not challenge Petitioner's custody may not be raised in this habeas action. Courts may only consider federal habeas petitions under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. See 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). Petitioner's non-habeas civil claims may be liberally construed either as a civil rights action under 42 U.S.C. § 1983, or as a mandamus action under 28 U.S.C. § 1651 that must be raised in a separate civil case against the appropriate parties. Because Petitioner may only raise habeas claims in this habeas case, his non-habeas civil claims should be dismissed without prejudice to seeking relief in a civil rights case. *See*

*Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted* 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

## IV. RECOMMENDATION

The petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DISMISSED** without prejudice for failure to exhaust state court remedies, and all non-habeas claims should be **DISMISSED** without prejudice to filing in a civil rights case.

**SO RECOMMENDED** this 4th day of October, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE